8:08CU863-T17MSS

FILED

08 MAY -6 AM 10: 37
CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

EVELYN ALLEN JOHNSON, an
Individual and ALLEN MEDICAL
SERVICES, INC., a Florida corporation

    Plaintiffs,

vs.

Case No. 08CA 691
Division R

JAMES SETZER, an individual,

    Defendant.

_____/

## COMPLAINT

Plaintiff, EVELYN ALLEN JOHNSON ("JOHNSON"), sues Defendant JAMES SETZER, ("SETZER") and alleges:

### COUNT I

1. This is an action by a shareholder for the involuntary dissolution of a Florida corporation, Allen Medical Services, Inc., pursuant to Florida Statue 607.1430 2.

2. At all times relevant to this action EVELYN ALLEN JOHNSON, has been a resident of Hillsborough County, Florida.

3. At all time relevant to this action JAMES SETZER, has been a resident of the State of Alabama.

4. The corporation, Allen Medical Services, Inc., is a Florida corporation organized and existing under the laws of Florida with its principal place of business in

Zephryhills, Florida.

5. This Court has jurisdiction over this action pursuant to section 26.012(2) Florida Statutes.

6. Allen Medical Services, Inc. is a corporation that operates a pharmacy in Zephyrhills, Florida and has been in existence since July 21, 1989.

7. At all times relevant to this action, Allen Medical Services, Inc. has had only two shareholders, JOHNSON and SETZER. Each of them separately owns 50% of the outstanding and issued shares of common stock of Allen Medical Services, Inc.

8. The initial directors of Allen Medical Services, Inc. were Evelyn Allen, k/n/a Evelyn Allen Johnson and R. Keith Allen.

9. The incorporator was R. Keith Allen of 6101 SW 76th Street, S. Miami, Florida 33143.

10. The current listed directors of the corporation are EVELYN ALLEN JOHNSON and JAMES SETZER and have never been changed by an official vote of the shareholders.

11. The most recent shareholders' meeting was held on October 27, 2007 at the office of the corporation in Zephyrhills, Florida. Proper notice of the meeting was sent to all shareholders. A copy of the notice is attached hereto as Exhibit "A."

12. JAMES SETZER did not attend the October 27, 2007 shareholders' meeting. The only voting shares present at the October 27, 2007 meeting were those of the EVELYN ALLEN JOHNSON. Also present at the October 27, 2007 meeting was the incorporator, R. Keith Allen.

13. The shareholders of Allen Medical Services, Inc. are deadlocked in the

management of Allen Medical Services, Inc. corporate affairs. Plaintiff and Defendant have for many months been unable to break an impasse on a number of fundamental and important management issues, to such extent that the ability for the company to effectively function, now and in the future, is at risk.

14. The deadlock issues include, but are not limited to:

   a. Inability to agree on and properly elect directors of the company.

   b. JAMES SETZER'S failure to respond to the embezzlement of Allen Medical Services, Inc., funds, the exact amount which cannot be determined without corporate books and records, which are in the SETZER'S control and possession.

   c. JAMES SETZER'S failure to provide the Plaintiff with the corporate books and records.

   d. JAMES SETZER'S failure to perform his duties for Allen Medical in timely and professional manner, including by way of example: (1) not paying the utilities timely, resulting in disconnection of the electricity; (2) not paying the drug suppliers; and (3) failing to pay the payroll taxes in a timely manner, which resulted in penalties and fines.

15. JOHNSON and SETZER are unable to break their deadlock because their status as equal 50% shareholders prevents shareholder action.

16. Because of the deadlock, JOHNSON and the corporation will suffer irreparable injury if the Court does not exercise its equitable powers to either require a buyout of one the party's shares or dissolve the corporation, in that, among other things: (a) each shareholder's interest will be harmed as the value of the corporation diminishes as the deadlock continues; (b) JOHNSON and the corporation's employees will suffer by facing the prospect of either diminished earnings or loss of employment as the

company falters; and (c) the company's customers may suffer due to the nature of the corporation's business, a pharmacy, if the deadlock continues, services to the customers in need of medication could be interrupted.

17. In addition, SETZER has acted and is reasonably expected to act in a manner that is illegal or not in the interest of JOHNSON or the corporation: (a) SETZER has closed company bank accounts and refused to return the balance of those accounts to the company; (b) SETZER has kept rebate checks from drug companies and failed to return the rebates to Allen Medical or share the same with JOHNSON; and (c) SETZER has commingled funds from Allen Medical with National Medical Center, another company owned by SETZER, without JOHNSON'S prior knowledge or approval.

18. JOHNSON has had to retain undersigned attorney and has agreed to pay him a reasonable fee and reasonable costs associated with this action.

WHEREFORE, JOHNSON requests this Court:

a. Take whatever action is necessary to preserve the corporate assets, including the appointment of a receiver or trustee;

b. Exercise its equitable powers to require either that one shareholder buy out the other, with JOHNSON being entitled to a credit or reimbursement for all funds embezzled or misappropriated by JAMES SETZER;

c. That the corporation be dissolved if a buyout of the shareholders is not feasible or order the sale of the corporation or its assets to an interested third party;

d. Award JOHNSON reasonable attorney fees and costs; and

e. Grant JOHNSON such other and further relief as may be just and proper.

## COUNT II

Plaintiff, Allen Medical Services, Inc. ("ALLEN MEDICAL"), hereby sues the Defendant JAMES SETZER("SETZER"), and alleges as follows:

19. The allegations in paragraphs 1 through 18 above are realleged and incorporated herein by reference.

20. This is an action for return of corporate funds embezzled by Defendant, SETZER.

21. ALLEN MEDICAL is a Florida corporation, incorporated on July 21, 1989, that operates a pharmacy in Zephyrhills, Florida.

22. SETZER is an individual residing in the state of Alabama, and 50% shareholder of ALLEN MEDICAL, and has been at all times pertinent to this matter.

23. The other 50% of ALLEN MEDICAL is owned by EVELYN ALLEN JOHNSON, an individual residing in Plant City, Florida, and the last elected President of ALLEN MEDICAL.

24. This Court has jurisdiction over this case pursuant to section 86.011, Florida Statues.

25. R. Keith Allen, of Miami, Florida, was the sole incorporator of ALLEN MEDICAL. A copy of the articles of incorporation for ALLEN MEDICAL is attached hereto.

26. The articles of incorporation name Evelyn Allen, k/n/a Evelyn Allen Johnson and R. Keith Allen as the original officers and directors of ALLEN MEDICAL.

27. The original and only shareholders of ALLEN MEDICAL are EVELYN ALLEN JOHNSON and JIM SETZER. Each shareholder owns 50% of the company's

common stock.

28. JAMES SETZER maintained a bank account in the state of Alabama for the company. He was the only officer, director, employee or agent of the company utilizing the bank account on behalf of ALLEN MEDICAL.

29. While the bank account was under his control, JAMES SETZER took approximately $65,000 of the corporation's money from the account, and despite repeated request, has failed to return the money to the corporation.

30. ALLEN MEDICAL, receives rebate checks from its drug suppliers. SETZER has taken rebate check and misappropriated them for his own use and has failed to return the money despite repeated request.

31. SETZER wrote a check from the bank account of ALLEN MEDICAL for $150,000 to National Medical Center, another company owned by SETZER. This may have been payment in return for the same amount being paid by National Medical to ALLEN MEDICAL. However, the payment was not approved by the shareholders or president of ALLEN MEDICAL and there is no known reason for the commingling of funds with Nation Medical Center.

32. When exercising his managerial and bookkeeping duties for ALLEN MEDICAL, it was discovered by EVELYN ALLEN JOHNSON during July 2007 that the utilities for the company were not paid, resulting in a disconnection of the electricity at the Zephyrhills pharmacy. The payroll taxes were not timely paid and drug vendors were not paid, putting the pharmacy at risk of not having sufficient drug supplies for its customers.

33. Since that time JOHNSON has opened a Florida bank account for the

company, hired a bookkeeper and handled all the company's finances.

34. Based on the information known, there is reasonable belief that a review of additional corporate records and books maintained by JAMES SETZER over the years will reveal other misappropriation of corporate funds.

35. ALLEN MEDICAL has retained the undersigned attorney in this matter and has agreed to pay him a reasonable fee and costs associated with this action.

WHEREFORE, ALLEN MEDICAL, respectfully requests this Court to order JAMES SETZER to turn over all corporate books and records in his control for review, return all funds any review reveals were misappropriated and not used for corporate purposes, and to pay all reasonable attorney fees and costs associated with this matter.

## COUNT III

36. The allegations in paragraphs 1 through 18 above are realleged and incorporated herein by reference.

37. Based on the information currently available, there is reasonable belief that JAMES SETZER will cause irreprarable harm to ALLEN MEDICAL SERVICES, INC., its shareholders, employees and customers if he continues to act on behalf of the company.

38. A corporate meeting was held on October 27, 2007 at the corporation's office in Zephyrhills, Florida. JAMES SETZER failed to attend the meeting. The only voting shares present at the meeting belonged to EVELYN ALLEN JOHNSON. The shares present voted EVELYN ALLEN JOHNSON as the sole officer and director of the company and removed JAMES SETZER from all positions held with the company,

including his bookkeeping and managerial duties. JAMES SETZER was notified of his removal from all offices and employment with ALLEN MEDICAL.

39. JAMES SETZER refuses to acknowledge his removal as an officer, director and employee of ALLEN MEDICAL.

40. JAMES SETZER'S conduct creates uncertainty among ALLEN MEDICAL'S vendors, banks and others about whom they should deal with.

41. An actual controversy has arisen between SETZER and JOHNSON regarding the parties' respective rights to act on behalf of and to govern ALLEN MEDICAL. The parties have an actual, present, adverse and antagonistic interest in the corporation, which puts the corporation's day-to-to operations in jeopardy.

42. There is an actual controversy between SETZER and JOHNSON as a result of SETZER'S refusal to return corporate funds and to acknowledge his removal from all offices and employment will ALLEN MEDICAL. The parties have an actual, present, adverse and antagonistic interest in the corporation which puts the corporation's day-to-day operation in jeopardy.

43. As a result of the conduct of SETZER, ALLEN MEDICAL is suffering and will continue to suffer irreparable harm, for which there is no adequate remedy at law.

44. ALLEN MEDICAL has a substantial likelihood of success on the merits, and considerations of public interest favors the entry of injunctive relief on a temporary and permanent basis. The threatened injury to ALLEN MEDICAL outweighs any potential harm to SETZER by the issuance of an injunction.

45. The relief sought herein is not merely the giving of legal advice by the courts or the answers to question propounded from curiosity.

WHEREFORE, ALLEN MEDICAL SERVICES, INC., respectfully requests this Court enter a declaratory judgment stating that: (a) ALLEN MEDICAL'S action by and through EVELYN ALLEN JOHNSON to remove JAMES SETZER as an officer, director and employee of ALLEN MEDICAL SERVICES, INC., are binding; and (b) that SETZER holds no office or employment with ALLEN MEDICAL SERVICES, INC.;

WHEREFORE, ALLEN MEDICAL SERVICES, INC., respectfully requests this Court issue a temporary and permanent injunction enjoining Defendant, SETZER, or any person acting in concert with him, from representing to any person or entity that he holds an office or employment with ALLEN MEDICAL, from holding himself out as authorized to act on behalf of ALLEN MEDICAL, or interfering with ALLEN MEDICAL'S business relationship with its vendors, banks or customers; and

WHEREFORE, ALLEN MEDICAL SERVICES, INC. respectfully requests this Court order SETZER to pay all reasonable attorney fees and costs associate with this matter.

_____
JOHN A. DWYER
Florida Bar No. 817457
P.O. Box 848
Plant City, Florida 33564-0848
Phone: 813-754-1198
Fax: 813-759-7759
Attorney for Plaintiffs

Dated this 10 day of January, 2008.

EXHIBIT "A"

# NOTICE
# OF
# EMERGENCY SPECIAL MEETING OF SHAREHOLDERS OF
# ALLEN MEDICAL SERVICES, INC.

TO: Jim Setzer
297 Robertson Hollow Lane
Springville, AL 35146

PLEASE BE ADVISED THAT, PURSUANT TO ARTICLE 1 SECTION 2 OF THE CORPORATE BY-LAWS OF ALLEN MEDICAL SERVICES, INC., THAT EVELYN ALLEN JOHNSON, HOLDER OF 50 % OF THE SHARES ENTITLED TO BE CAST ON ANY ISSUE, IS HEREBY CALLED TO CONSIDER THE FOLLOWING BUSINESS:

   A. Valuation and Sale of the clients and Inventory of the corporation, pursuant to offers received from CVS Drugs and Walgreen Drugs

   B. Election of new corporate directors.

   C. Continued remuneration and salaries of officers/directors and employees.

   D. Change of corporate depository.

And such other business as may come before the meeting.

SAID SHAREHOLDERS' MEETING SHALL BE HELD AT 6953 Gall Blvd., Zephyrhills, FL 33542 ON OCTOBER 27, 2007 AT 11:00 A.M.

_____
Evelyn Allen Johnson