IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EVELYN JOHNSON, an individual and )
ALLEN MEDICAL SERVICES, a Florida )
Corporation, )
                                                )    Case Number: **8:08-cv-863-T-17TBM**
      Plaintiffs, )

vs. )

JAMES SETZER, an individual, )

      Defendant. )

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into by and between **EVELYN JOHNSON and ALLEN MEDICAL SERVICES, Inc., d/b/a X-tra Discount Drugs, a Florida Corporation,** hereinafter sometimes referred to as "Plaintiff(s)", **JAMES SETZER,** hereinafter sometimes referred to as "Defendant", on the date last executed below.

WHEREAS, Allen Medical Services, Inc. is to purchase from Defendant all shares of stock, ownership and interest in Allen Medical Services, d/b/a X-tra Discount Drugs, and X-tra Discount Drugs -Haines City, Inc. will purchase from Defendant Jim Setzer, all his shares of stock, ownership and interest in X-tra Discount Drugs-Haines City, Inc, and Evelyn Johnson, individually will purchase the Polk County Property, legally described below:

All of Lots 1, 2 and 3, Block 38, of HAINES CITY, FLORIDA, according to the Plat thereof recorded in Plat Book 3, Pages 11 and 12, public records of Polk County, Florida, said land lying in and comprising a part of the NW ¼ of the SE ¼ of Section 29, Township 27 South, Range 27 East, Polk County, Florida

WHEREAS, Defendant, James Setzer, will transfer all his issued shares of stock, interest in any unissued shares, all rights title and interest in Allen Medical Services, Inc, d/b/a as X-tra Discount Drugs to; Allen Medical Services, Inc.

WHEREAS, Defendant, James Setzer, will transfer his all his issued shares of stock, interest in any unissued shares, all rights title and interest in X-tra Discount Drugs-Haines City, Inc. to; X-tra Discount Drugs-Haines City, Inc.

WHEREAS, Defendant, Jim Setzer will transfer his interest in the Polk County property to Evelyn Johnson by Quit Claim Deed; and Evelyn Johnson will purchase the same.

WHEREAS, Allen Medical Services, Inc., d/b/a will pay Defendant, Jim Setzer, for all his ownership interest in Allen Medical Services, Inc., as follows:

(i) Allen Medical Services, Inc, will pay $465,000.00 to Jim Setzer for his complete ownership interest in Allen Medical Services, Inc., d/b/a as X-tra discount Drugs. Allen Medical, Services, Inc. will pay $200,000.00 in cash and the remaining balance of $265,000.00 will be paid within 120 days of the date of the court order approving this settlement. Evelyn Johnson, as President of, and on behalf of Allen Medical, Inc, will execute a promissory note for $265,000, payable in full within 120, with no interest. Evelyn Johnson, individually, will also guarantee the promissory note;

(ii) The Defendant, Jim Setzer will transfer all his shares of stock in Allen Medical Services, Inc, d/b/a as X-tra Discount Drugs to Allen Medical Services, Inc. In the event the stock certificates cannot be located, all parties agree that the transfer of Jim Setzer's complete and full ownership interest in Allen Medical, Services, Inc, shall, and can be done by a bill of sale. Payment of any funds due to Jim Setzer cannot be distributed to Mr. Setzer until he has executed the appropriate documentation to transfer his complete and full ownership in Allen Medical Services, Inc, d/b/a X-tra Discount Drugs to Allen Medical Services, Inc.

(iii) Within ten (10) days of the Court Order approving this Agreement, the Defendant will receive a cashiers check in the amount of $200,000.00, made payable to Massey, Stotser & Nichols, P.C. trust account, representing partial payment for his ownership interest in Allen Medical Services, Inc. With the payment, Evelyn Johnson, as President of Allen Medical Inc., shall send an executed promissory note for $265,000 payable within 120 days of the court order, with no interest, personally guaranteed by Evelyn Johnson. The original promissory note shall remain with the law firm of Massey, Stotser & Nichols, P.C. until the obligation has been paid in full. When full payment is made to Massey, Stotser & Nichols, P.C., the promissory note marked paid in full shall be sent to Evelyn Johnson at an address provided by Evelyn Johnson.

(iv) X-tra Discount Drugs-Haines City, Inc. will pay $200,000.00 in cashiers check, to Jim Setzer for his complete ownership interest in X-tra

Discount Drugs-Haines City, Inc. The $200,000.00 will be paid within 10 days of the date of the court order approving this settlement..

(v)   Upon receipt of the $200,000 payment, the Defendant, Jim Setzer will transfer his shares of stock in X-tra Discount Drugs-Haines City, Inc., to X-tra Discount Drugs-Haines City, Inc.  In the event the stock certificates cannot be located, all parties agree that the transfer of Jim Setzer's complete and full ownership interest in X-tra Discount Drugs-Haines City Inc, shall, and can be done by a bill of sale. Payment of any funds due to Jim Setzer cannot be distributed to Mr. Setzer until he has executed the appropriate documentation to transfer his complete and full ownership in Haines City, Inc. to Haines City, Inc.

(vi)   Evelyn Johnson shall pay Jim Setzer $135,000.00 for his all his interest in the property located in Polk County, Florida.  Evelyn Johnson shall execute a promissory note for $135,000.00 made payable to Jim Setzer within 120 days of the court order approving this agreement, with no interest. The original promissory note shall remain with the law firm of Massey, Stotser & Nichols, P.C. until the obligation has been paid in full.  When full payment is made to Massey, Stotser & Nichols, P.C., the promissory note, marked paid in full, shall be sent to Evelyn Johnson at an address provided by Evelyn Johnson. Upon receipt of the promissory note, Jim Setzer shall execute a quit-claim deed transferring all his rights, title and interest in the Polk County Property to Evelyn Johnson. The executed deed shall remain in possession of Massey, Stotser & Nichols, P.C. and not delivered to Evelyn Johnson for recording until the

promissory note has been paid in full. When the promissory note had been paid in full Massey, Stotser & Nichols, P.C. does not need any authorization from James Setzer to forward the deed to Evelyn Johnson for recording.

(vii) In the event the Polk county property is sold within one year of the date of the court order approving this settlement, any net proceeds from the sale in excess of $300,000.00 shall be split equally between Evelyn Johnson and Jim Setzer. If any sale occurs after a year, Jim Setzer has no interest in any of the proceeds from the sale. A sale will be deemed to occur only when there is a complete transfer of ownership, fee simple title, in the property to another person or entity not controlled by Evelyn Johnson, within one year of the court order approving this settlement.

(ix) The Defendant, Jim Setzer, is the lawful owner of the shares of stock and real estate subject to this Agreement, free and clear of all liens, encumbrances, restrictions and claims of every kind. The Defendant has all requisite power and authority to execute, deliver and perform this Agreement, and this Agreement has been duly executed and delivered by the Defendant, and constitutes a legal, valid and binding obligation of the Defendant. The shares of stock are fully paid and nonassessable and have the rights set forth in the Certificate of Incorporation and the By-Laws of the Company. No further approval or authorization of the stockholders or the directors of the Company or of any governmental authority or agency is required for the sale of the shares, nor is anyone other than the Defendant's approval necessary to transfer the real estate

This Agreement shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Florida without giving any effect to principles of conflicts of laws

IN WITNESS WHEREOF, the parties hereto execute this Agreement regarding EVELYN JOHNSON, an individual and ALLEN MEDICAL SERVICES, a Florida Corporation vs. JAMES SETZER, Case No.: 8:08-CV-863-T-171TBM to be effective on the date upon which the last signatories execute this Agreement.

**PLAINTIFF(S):**

By: _____  Dated: 6-18-2009
       EVELYN JOHNSON

By: _____  Dated: 6-18-2009
       ALLEN MEDICAL SERVICES

By: _____  Dated: 6-18-2009
       X-TRA DISCOUNT DRUGS -HAINES CITY, INC.

By: _____  Dated: 6-18-2009
       Attorney for Plaintiffs

**DEFENDANT:**

By: _____  Dated: 6-18-2009
       JAMES SETZER

By: _____  Dated: 6-18-2009
       Attorney for Defendant